IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DARREN JONES                                                        PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:18-cv-00168-NBB-JMV

TRACTOR SUPPLY COMPANY                                DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant Tractor Supply Company's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Darren Jones, was employed as a store manager for defendant Tractor Supply Company ("TSC"), first at its Starkville, Mississippi location and, beginning in 2016, at its Horn Lake, Mississippi location. As store manager, Jones had the ultimate responsibility for all store operations, including creating employee schedules and work assignments. Jones reported directly to TSC district manager, Abraham Zayed.

On November 18, 2015, Jones suffered a right shoulder injury while at work in TSC's Starkville store. Jones was then promoted to manage TSC's Horn Lake store, which is a larger and higher volume location. On February 15, 2018, Jones injured his left shoulder and was placed on a 10-pound lifting restriction on his left shoulder and a 25-pound restriction on his right shoulder.

As district manager, one of Zayed's roles was to coach Jones and other store managers on strategies to schedule employees for optimal store coverage. On a March 2018 visit to the Horn Lake store, Zayed prepared a sample schedule for the period of March 18 – March 24, 2018,

which included a day in which Jones was scheduled to work unloading freight – March 23, 2018. Jones alleges that he reminded Zayed of his lifting restrictions and that Zayed replied he could "work totes" on days he scheduled himself to work the freight area. To "work totes" refers to the task of unpacking miscellaneous items from bins. Most of these items are small and would not have interfered with Jones' lifting restrictions, though Jones asserts that some items are heavier and would have interfered. Other employees under Jones' supervision were also working the freight area at the same time as Jones, and he could assign them to lift any objects he believed fell outside of his restrictions. As store manager, Jones could also rearrange the schedule to accommodate his restrictions as he saw fit. In an email to Zayed dated March 16, 2018, Jones reminded Zayed about his lifting restrictions to which Zayed responded "[n]o worries DJ." Jones, however, interpreted Zayed's sample schedule as a mandated directive for him to work freight on March 23, 2018, without regard to his restrictions.

Jones alleges that he worked totes in the freight area on March 23, 2018, and aggravated the injury to his left shoulder. It is uncontested that Zayed was not present in the Horn Lake store on March 23, 2018. He gave no instructions for Jones to lift any freight or do any work outside of his lifting restrictions. Jones' request for a leave of absence from March 27 to April 16, 2018, due to his injury was granted. Jones was then restricted to sedentary work only. TSC terminated Jones' employment on May 19, 2018, because such work was unavailable.

Jones subsequently pursued workers' compensation benefits and reached a settlement with TSC on May 16, 2019, in the amount of $131,250.00 plus $43,750.00 in attorney's fees. The present lawsuit was excluded from the release in the settlement agreement.

In his complaint, originally filed in the Circuit Court of DeSoto County, Mississippi, on July 9, 2018, and removed to this court on August 1, 2018, on the basis of diversity jurisdiction,

Jones alleges that TSC intended to injure him when Zayed scheduled him to work the freight area on March 23, 2018, and told him he could "work totes" in light of his lifting restrictions. Specifically, Jones asserts claims of battery, intentional infliction of emotional distress, "intentional intent to injure," and "intentional failure to provide a safe workplace." TSC subsequently filed its motion for summary judgment.

Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Accordingly, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

Jones brings claims for four intentional torts: battery, intentional infliction of emotional distress, "intentional intent to injure," and "intentional failure to provide a safe workplace."[1] TSC argues that Jones' claims are each barred by the exclusive remedy provision of the Mississippi workers' compensation statute, and indeed, it is well settled in Mississippi that workers' compensation is the exclusive remedy for employees who sustain injuries arising out of their employment. Miss. Code Ann. § 71-3-9 ("The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee…."). Under certain circumstances, however, an intentional tort may fall outside the exclusivity provision of the Mississippi workers' compensation statute. *Franklin Corp. v. Tedford*, 18 So. 3d 215, 221 (Miss. 2009). This exception to the exclusivity provision "reflects the public policy that certain courses of conduct (intentional torts) are so shockingly outrageous and beyond the bounds of civilized conduct that the person responsible should not be rewarded with tort immunity." *Id.* The Mississippi Supreme Court has made clear, however, that "[a] mere willful and malicious act remains insufficient to give rise to the exception under the Act." *Id.* (quoting *Peaster v. David New Drilling Co.*, 642 So. 2d 344, 348 (Miss. 1994)). "Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the Act." *Id.* (quoting *Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001)). "The employee also must establish that the egregious act was accompanied by an 'actual intent to injure' in order to except the Act's grant of exclusivity." *Id.* (citing *Blailock*, 795 So. 2d at 535; *Peaster*, 642 So. 2d at 348-50; *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988)). The Mississippi Supreme Court has recognized that "Mississippi is in concurrence with an overwhelming majority of

---

[1] As for the latter two claims, this court is aware of no statutes or case law in Mississippi which recognize such claims.

states in requiring an 'actual intent to injure' the employee. *Id.* (citing 6 Arthur Larson, *Larson's Workers' Compensation Law* § 103.01 nn. 4-6, § 103.04[1] (2008)). For a tort claim to fall outside the Mississippi workers' compensation statute and survive summary judgment, a plaintiff must direct the court to admissible evidence "that the employer acted with an actual intent to injure the employee, with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee." *Pinnacle Trust Co. v. Babcock & Wilcox Power Generation Group, Inc.*, 2013 U.S. Dist. LEXIS 149471, *7 (N.D. Miss. Oct. 17, 2013) (citing *Bowden v. Young*, 120 So. 3d 971 (Miss. 2013)). The Mississippi Supreme Court has stated:

> It is not enough … that the employer's conduct leading to the injury consists of aggravated negligence or even that the conduct goes beyond this to include such elements as knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job.

*Franklin Corp.*, 18 So. 3d at 231 (citing *Griffin*, 533 So. 2d at 464).

The case law makes clear that the challenge facing Jones in order for his claims to escape the exclusivity provision of the Act and survive summary judgment is indeed daunting, and the court finds that he has not met the challenge. Jones' claims fail at the threshold level because Jones cannot establish that TSC or its agents had an actual intent to injure him. While Jones attempts to paint a picture in his responsive brief of a strained relationship between himself and Zayed and animosity held against Jones by Zayed, the court's examination of the record reveals that Jones has done so with only conclusory allegations, improbable inferences, and unsupported speculation, which is insufficient to survive summary judgment. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment."). Further,

the evidence regarding Zayed's sample schedule and his communications with Jones about working totes on March 23, 2018, shows only an amicable – if brief – exchange. As noted above, in an email to Zayed dated March 16, 2018, Jones reminded Zayed about his lifting restrictions to which Zayed responded "[n]o worries DJ." The court is unpersuaded that the exchange, including Zayed's statement that Jones could "work totes," amounts to a mandate or directive much less an actual intent to injure. It is uncontested that Jones, as store manager, could delegate tasks and set his own schedule for himself and his store's employees. It is further uncontested that Zayed was not present at the Horn Lake store on the date in question. Nothing in the record before the court shows actions "so shockingly outrageous and beyond the bounds of civilized conduct that the person responsible should not be rewarded with tort immunity." *Franklin Corp.*, 18 So. 3d at 221.

      The court also notes that "[t]he intentional tort of battery requires harmful or offensive contact with a person. Therefore, actual touching is an essential element of battery." *Raddin v. Manchester Educ. Found., Inc.*, 175 So. 3d 1243, 1250 (Miss. 2015). Jones does not allege than any agent of TSC actually made contact with his person, and again, Zayed was not present on the date in question. To the extent that Jones attempts to allege a battery arising out of his assertion of "hazardous working conditions," the facts of this case are distinguishable from the type of battery claim allowed in that context. The seminal case of a hazardous working condition battery in Mississippi is *Franklin Corp. v. Tedford*, 18 So. 3d 215 (Miss. 2009), also discussed in the court's analysis of workers' compensation exclusivity, *supra*. In *Franklin Corp.*, the plaintiffs were required, in the scope of their employment with Franklin Corporation, to spray a toxic adhesive into a small, unventilated wooden box without respiratory equipment or safety gear. *Id.* at 222-30. In addition to requiring its employees to inhale toxic fumes regularly, the defendant

6

took the egregious step of actively removing warning labels from the containers of the toxic adhesive. *Id.* at 226. Evidence revealed that the employer also refused to ventilate its facility because of the monetary expense and made a number of egregious statements, including "there are people lined up out there for jobs; if they start dropping like flies, or something in that order, we can replace them today…." *Id.* at 224-26. The court found that the intent necessary for battery, as well as the intentional infliction of emotional distress, could be inferred from the substantial, credible evidence of egregious and flagrant conduct demonstrated in that case. *Id.* The facts of the present case do not rise to such a level of egregious and flagrant conduct. The court, therefore, finds that Jones claims fail as a matter of law.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well taken and should be granted. A separate order in accordance with this opinion shall issue this day.

This 30th day of March, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE